# 20-3354

---

**United States Court of Appeals
For the Second Circuit**

_____

**TERRENCE DAUM,**

Petitioner-Appellant.

**-against-**

**STEWART ECKERT,**

Defendants-Appellees.

On Appeal from the United States District Court
for the Southern District of New York

---

**BRIEF FOR RESPONDENT-APPELLEE**

---

MICHAEL E. McMAHON
**District Attorney**
**130 Stuyvesant Place**
**Staten Island, New York 10301**
**(718) 556-7146**

**MORRIE I. KLEINBART**
**ALEXANDER FUMELLI**
**Assistant District Attorneys**
*Of Counsel*

---

TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................1

Cross-Statement of Issues Presented ..........................................................4

Statement of the Case................................................................................5

Statement of the Facts...............................................................................6

Summary of Argument.............................................................................10

POINT I .................................................................................................11

Petitioner Has Not Advanced the "Substantial Claims" Or "Extraordinary Circumstances" Required to Justify Bail Pending Resolution of His Habeas Claim.

POINT II................................................................................................14

Because the Delay in State Court is Largely Attributable to Petitioner and the Record Suggests that the Court Has Been Meaningfully Working Toward a Decision, Petitioner Should Not Be Excused From the State Exhaustion Requirement.

CONCLUSION........................................................................................17

TABLE OF AUTHORITIES

**Cases**

Beras v. United States, 2007 WL 195352 (S.D.N.Y. 2007) ....................................12

Daye v. Attorney Gen. of New York, 696 F.2d 186 (2d Cir. 1982).......................14

Dorsey v. Kelly, 112 F.3d 50 (2d Cir. 1997) ...........................................................11

Grune v. Coughlin, 913 F.2d 41 (2d Cir. 1990).................................... 4, 5, 10, 11

Irvin v. Dowd, 359 U.S. 394 (1959) .......................................................................14

Iuteri v. Nardoza, 662 F.2d 159 (2d Cir. 1981) ...................................................11

Mapp v. Reno, 241 F.3d 221 (2d Cir. 2001)..........................................................13

Morrow v. Capra, 2020 U.S. Dist. Lexis 106085 (E.D.N.Y. 2020) .......................13

Picard v. O'Connor, 404 U.S. 270 (1971) ..............................................................14

Rose v. Lundy, 455 U.S. 509 (1982) .......................................................................14

Skakel v. Murphy, 2009 WL 2253175 (D. Conn 2009) ..........................................13

Triestman v. Fed. Bureau of Prisons, 740 F.3d 471 (2d Cir. 2006) ....................1, 4

United States v. Manson, 788 F. App'x 30 (2d Cir. 2019)......................................12

Workman v. Tate, 957 F.2d 1339 (6th Cir. 1992) ...................................................15

**Statutes**

28 U. S. C. § 2254(b) ..............................................................................................15

C. P. L. § 440.10(1)(g) ..............................................................................................7

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

TERRY DAUM,

       Petitioner-Appellant,

             Docket No.
v.               **20-3354**

STEWART ECKERT,

       Respondent-Appellee.

### *ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK*

### BRIEF FOR RESPONDENT-APPELLEE
### RICHMOND COUNTY DISTRICT ATTORNEY

PRELIMINARY STATEMENT

Petitioner Terry Daum appeals from a final order of the United States District Court for the Eastern District of New York (Rachel P. Kovner, U.S.D.J.), entered on August 26, 2020. By that order, Judge Kovner denied a pair of applications in which Petitioner sought (1) to be released from state prison due to the COVID-19 pandemic; and (2) bail pending the resolution of his federal habeas petition.[1] The

---

[1] Although Petitioner's letter-application "can be read as a new habeas petition challenging the conditions of Daum's confinement on Eighth Amendment grounds or as a motion for bail pending the resolution of [the] outstanding habeas petition," the District Court construed the claims liberally "because of Daum's status as a *pro se* litigant" (Order at 3 [citing Triestman v. Fed. Bureau of Prisons, 740 F.3d 471 (2d Cir. 2006)]).

1

court also declined to lift an existing stay on Petitioner's federal habeas proceeding, pending completion of state proceedings involving identical claims, a resolution that will serve to exhaust state remedies.

The underlying petition seeks to set aside the custody imposed upon petitioner grounded in a judgment of the Supreme Court, Richmond County (Goldberg, J.), rendered on February 3, 1997, convicting him of four counts of Robbery in the First Degree [N.Y. Penal Law § 160.15(4)] and four counts of Robbery in the Second Degree [N.Y. Penal Law § 160.10(1)] in connection with three armed robberies. Pursuant to that judgment, petitioner was sentenced to an aggregate of 45 years' imprisonment.[2]  The judgment was affirmed, People v. Daum, 278 A.D.2d 505 (2d Dept. 2000), and leave to appeal from the judgment was denied, 96 N.Y.2d 757 (2001).

The underlying petition appears to be petitioner's fourth effort at obtaining *habeas corpus* relief. The first, docketed as Daum v. Duncan, 01-CV-6520, was denied in an unreported opinion by Magistrate Judge Lois Bloom on April 4, 2005. A second and third petition appear to have been docketed in the District Court under the same docket number as the petition denied on the merits; the application for leave to file that successive petition was denied by this Court. See Orders, Daum v. Ricks,

---

[2] The first- and second-degree robbery sentences associated with each individual robbery ran concurrent to each other. The resulting 15-year sentences were then tallied consecutively.

2d Cir. Dkt. No. 11-550 (March 1, 2011); 2d Cir. Dkt. No. 12-2122 (June 19, 2012). A fourth, also a successive petition arising from a Rule 60b motion and docketed as Daum v. LaValley, 13-CV-3730, was referred to this Court, which denied permission for the filing of a successive petition. Daum v. LaValley, 2d Cir. Dkt. No. 13-3201 (October 15, 2013)

The petition underlying this application was, of course, also a successive one. Leave to file it was granted on November 16, 2016. See Order, 2d Cir. Dkt. No. 6-3236 (November 16, 2016).

In this petition, petitioner asserts that the People violated their Brady obligations by "not disclosing" a "suppressed and exculpatory photo array identification viewing by" an "unavailable witness," among other claims (Petition at 3) The claim, however, was unexhausted, and since its filing, petitioner has attempted to exhaust it by the filing of a C. P. L. § 440.10 motion. The first version of that motion was in July 2015; its continued pendency, the District Court found, is owing in significant part to delays occasioned by defendant himself.

In June 2020, petitioner sought release pending resolution of the petition, contending that he should be released from state prison due to the COVID-19

pandemic, and that he was entitled to some form of release pending the resolution of his federal habeas petition.[3] Judge Kovner denied the motion.

Petitioner filed a timely notice of appeal on September 23, 2020, and invokes this Court's jurisdiction pursuant to the collateral-order doctrine. See Grune v. Coughlin, 913 F.2d 41, 43 (2d Cir. 1990).

On February 17, 2021, the Court granted a motion for the New York State Attorney General and the Richmond County District Attorney to file separate responsive briefs. This brief concerns the second claim, i.e., the bail claim, described above, as well as the court's decision not to lift the stay.

## CROSS-STATEMENT OF ISSUES PRESENTED

Where proceedings on a particular petitioner's habeas petition have been stayed pending the ongoing resolution of his state Article 440 motion on the same grounds:

1. Has that petitioner demonstrated on the limited record, for the purposes of bail pending resolution of the habeas petition, "substantial claims and …

---

[3] As discussed above, although Petitioner's letter-application "can be read as a new habeas petition challenging the conditions of Daum's confinement on Eighth Amendment grounds or as a motion for bail pending the resolution of [the] outstanding habeas petition," the District Court construed the claims liberally "because of Daum's status as a *pro se* litigant" (Order at 3 [citing Triestman v. Fed. Bureau of Prisons, 740 F.3d 471 (2d Cir. 2006)]).

extraordinary circumstances … mak[ing] the grant of bail necessary to make the habeas remedy effective" (see Grune v. Coughlin, 913 F.2d 41, 44 [2d Cir. 1990])?

2.     Does the delay in the state court's issuance of a decision entitle petitioner to have such stay lifted, even though (a) a large portion of the delay is attributable to petitioner and (b) the record suggests that the state court has been meaningfully working toward a decision?

The District Court answered both questions in the negative.

### STATEMENT OF THE CASE

Petitioner seeks to reverse a final order by District Judge Kovner denying him bail, denying him release, and declining to lift the stay on his 28 U.S.C. § 2254 application for habeas relief. That application, filed on January 17, 2017, seeks to set aside the February 3, 1997, state court judgment described above.

The District Court's proceeding on the application has been stayed since July 5, 2017 (Cogan, J.), pending petitioner's exhaustion of his state court remedies (Document 15).

In Richmond County Supreme Court, meanwhile, petitioner's pending Article 440 vacatur motion was filed, in its current form, on May 31, 2018, and has not yet been decided. That motion was petitioner's thirteenth motion filed pursuant to Article 440. The first eleven motions were denied, as were petitioner's subsequent applications for reargument and leave to appeal. Petitioner's twelfth motion was

5

withdrawn after it was filed. It has been replaced by the pending Article 440 motion that underlies defendant's request for bail or release.

## STATEMENT OF THE FACTS

On the evening of October 22, 1995, Shazad Sohail was working as the night manager of "My Deli," a 24-hour store in Staten Island, with his supervisor Syed Shah and two other employees named Nick and Adnan. At 1:30 a.m. on October 23, Shah asked Sohail to go to the basement to retrieve something. While in the basement, Sohail looked at a live surveillance video feed and saw petitioner jump over the counter and open the cash register. Petitioner was holding a black gun, and with his other hand he removed approximately $400 from the register (Sohail 287-88, 293-95, 298, 303, 320, 341).[4]

Sohail returned upstairs carrying a pipe for protection. Petitioner had evidently left the store, and he was soon followed by a second man. Nick, meanwhile, was in the midst of a physical altercation with a third man. Sohail hit the third man with a pipe, knocking him to the floor. Petitioner then reappeared, pointed his gun at Sohail, and warned Sohail not to touch the third man. Petitioner and the third man left the store together (Sohail 296-98, 302-04, 325, 327).

---

[4] Citations are to the trial minutes.

Following the robbery, Officer Peter Battista interviewed Sohail, Shah, Nick, and Adnan. He followed up with further interviews of Sohail and Shah but was unable to locate Nick or Adnan, who were no longer working at the store. On January 30, 1996, he obtained a positive lineup identification of petitioner from Sohail, though Sohail remarked that petitioner's hair had changed. Petitioner was arrested on May 27, 1996 (Sohail 305-07, Battista 631-34, 637, 639-40, 672-75, 699).

A jury convicted petitioner of the robbery of "My Deli" and of two other robberies, the facts of which are not repeated here. Following those convictions, defendant's eleven subsequent Article 440 motions, three subsequent writs of error *coram nobis*, and two subsequent writs of *habeas corpus* were denied.

Next, petitioner obtained leave from this Court to file a successive habeas petition in District Court (see Mandate from the Second Circuit Court of Appeals), and did so, alleging that the above-described, purported suppression of Brady material violated his due process rights. That application was stayed pending the exhaustion of petitioner's state-court claims (Document 15 [Order of July 4, 2017]). To that end, petitioner filed a twelfth C. P. L. § 440.10 motion in July 2015. That motion was then withdrawn and replaced by a thirteenth, counseled motion.

The thirteenth motion, filed on May 31, 2018, sought relief pursuant to C. P. L. § 440.10(1)(g), which holds that a court may vacate a judgment if "[n]ew evidence has been discovered … which could not have been produced by the petitioner at trial

even with due diligence … and which is of such character as to create a probability that[,] had such evidence been received at the trial[,] the verdict would have been more favorable to the petitioner." The subsection requires that "a motion based upon such ground … be made with due diligence after the discovery of such alleged new evidence." Id.

Petitioner proceeded to detail what was essentially a Brady claim: that police and/or the District Attorney's Office had suppressed exculpatory evidence, namely, a negative photo array that to date (1) the defense has not produced and (2) the New York Police Department has never claimed exists. In the absence of direct evidence of any such identification procedure, petitioner cast as "newly-discovered evidence" a handwritten statement obtained by an investigator in his employ, nearly 19 years after the robberies occurred and nearly 18 years after the judgment of conviction was entered.

The affidavit is signed by Nicholas Saavedra, referred to as "Nick" in the trial evidence. It claims that (1) "the gunman" was masked; (2) Saavedra recalled two perpetrators, not three; (3) a detective came to the deli with "photographs" but Saavedra was unable to "pick up on them from the pictures"; and (4) neither the police nor the District Attorney's Office had, to his knowledge, attempted to follow up with him after his initial interview.

8

The People responded to the motion on October 19, 2018, observing that the affidavit does not constitute "newly-discovered evidence" under C. P. L. § 440.10(1)(g) and that, in any event, the claim is procedurally barred and the allegation of impropriety is not credibly supported.

In March 2019, petitioner filed a reply.

Since the briefing on the Article 440 motion was completed in the spring of 2019, the Richmond County Supreme Court has accepted written submissions from the parties concerning recent case law, and responded to petitioner's requests for status updates. These developments are memorialized in the People's bimonthly updates to the District Court, which have reflected, among other things, (1) that the state court was close to a decision before its operations were impeded by the COVID-19 pandemic (Document 36 [Letter of 2/11/20]), and (2) that, within the last week, the court conveyed that it was finally at the precipice of issuing a written opinion (Document 62 [Letter of 3/31/21]).

Then, in a June 2020 letter (Document 38), petitioner argued that the state court's delay in resolving his outstanding motion to vacate denied him a meaningful review of his claims, and that the stay of his federal habeas case should be lifted. He also attached a copy of an April 2020 habeas petition that petitioner had filed in state court, urging that he should be released because he was at risk of contracting COVID-19 in prison. The District Court interpreted this latter claim as alternatively

9

a request for bail or a new request for release under 28 U.S.C. § 2254. On all of the above theories, the court denied relief.

Petitioner now appeals from that tripartite denial. In his December 2020 brief, he contends that he should have been granted bail owing to "substantial claims and … extraordinary circumstances" (see Grune v. Coughlin, 913 F.2d 41, 44 [2d Cir. 1990]), and that the stay should have been lifted because the Richmond County delay essentially excuses his failure to exhaust state-court remedies.

Respondent Richmond County District Attorney responds herein to both arguments on appeal, to the extent that they concern the "substantial claims" in petitioner's habeas petition or the denial of petitioner's rights by the state-court delay. Respondent New York State Attorney general has written separately to address the prison-conditions aspect of petitioner's claims.

### Summary of Argument

In his pending Article 440 motion, petitioner advances a Brady claim without direct evidence of Brady material – merely a witness's recollection, two decades later, that unspecified "photographs" were shown to him. In his stayed habeas application in federal court, meanwhile, the District Court has little more to work with. The People have not yet been ordered to respond to the petition, and findings of fact have not been made with respect to petitioner's claims of impropriety. On this record, then, no court could determine that there are "substantial claims and …

10

extraordinary circumstances … mak[ing] the grant of bail necessary to make the habeas remedy effective" (see Grune v. Coughlin, 913 F.2d 41, 44 [2d Cir. 1990]).

Petitioner would surely suggest that one way to develop the record is to lift the stay on the habeas proceeding, and to have briefing continue as if petitioner's state-court remedies had been exhausted. But, inasmuch as the court "has been responsive to the parties, granting their requests" – including petitioner's own requested delays for supplemental filings – and signaling that it is nearing decision (Order at 11), there is no basis upon which to treat the court's conduct as a constructive denial of petitioner's claims. Petitioner must exhaust his state court remedies, as he is required to. See, e.g., Dorsey v. Kelly, 112 F.3d 50, 52 (2d Cir. 1997).

## POINT I

### PETITIONER HAS NOT ADVANCED THE "SUBSTANTIAL CLAIMS" OR "EXTRAORDINARY CIRCUMSTANCES" REQUIRED TO JUSTIFY BAIL PENDING RESOLUTION OF HIS HABEAS CLAIM.

To satisfy the "difficult … standard for bail pending habeas litigation," a "petitioner must demonstrate that 'the habeas petition raises substantial claims and that extraordinary circumstances exist that make the grant of bail necessary to make the habeas remedy effective.'" Grune v. Coughlin, 913 F.2d 41, 44 (2d Cir. 1990) (quoting Iuteri v. Nardoza, 662 F.2d 159, 161 [2d Cir. 1981]). A litigant's claims

11

qualify as "substantial" if the litigant has shown that he is "very likely to succeed" on those claims. United States v. Manson, 788 F. App'x 30, 32 (2d Cir. 2019). The question has also been framed according to whether the petition's success "can be predicted with confidence." Beras v. United States, 2007 WL 195352, *1 (S.D.N.Y. 2007).

As the District Court pointed out, "the record on which to assess [petitioner's] claims is" too "sparsely developed" for a court to determine that his claims are substantial, or his circumstances extraordinary (Order at 5-6). To be sure, the People's response to petitioner's Article 440 motion lays out a succession of reasons why petitioner is unlikely to prevail in his Brady claim: among them, that petitioner advances a Brady claim without direct evidence of Brady material; that his assertion that a photo array occurred is grounded in nothing more than a witness's recollection, two decades later, that unspecified "photographs" were shown to him; and that petitioner has not nearly met the "due diligence" requirement imposed by statute. Moreover, the skepticism that attended petitioner's state-court filing appears to be shared by the District Court, which noted that, after "reviewing the limited materials presently available to me regarding Daum's successive federal habeas petition, including the petition itself, I cannot conclude that Daum has at this point shown 'the high probability of success necessary to justify releasing Petitioner on bail while

12

review of his claims is being completed'" (Order at 6 [quoting Skakel v. Murphy, 2009 WL 2253175 (D. Conn 2009)]).

Even if there had been more merit to petitioner's state-court claims, however, bail would not be appropriate. This is because a likelihood-of-success determination requires a developed record. The determinations in Mapp v. Reno, 241 F.3d 221 (2d Cir. 2001), to name a prominent example, were repeatedly grounded in extensive briefing about the Immigration and Naturalization Service's application of 8 U.S.C. § 1226(c); and in Morrow v. Capra, 2020 U.S. Dist. Lexis 106085 (E.D.N.Y. 2020), the District Court declined to grant bail because, even though "the petitioner may yet prevail on his petition, it cannot be said that he has met this exacting standard at this stage of the case." Id. at *4-5 As measured by Mapp and Morrow, the record from which one might interpret a significant likelihood of success is far too undeveloped. Briefing on the case has not even been completed; the stay was issued before the People could respond to the petition. And petitioner's brief on appeal does not meaningfully challenge the dispositive character of that fact (see Br. at 6-9).

Just as petitioner has not demonstrated "extraordinary circumstances" for the reasons articulated in the Attorney General's filing, he has not shown a substantial likelihood of success on his undeveloped Brady claim.

13

POINT II

BECAUSE THE DELAY IN STATE COURT IS LARGELY
ATTRIBUTABLE TO PETITIONER AND THE RECORD
SUGGESTS THAT THE COURT HAS BEEN MEANINGFULLY
WORKING TOWARD A DECISION, PETITIONER SHOULD
NOT BE EXCUSED FROM THE STATE EXHAUSTION
REQUIREMENT.

It is axiomatic that "a habeas petition seeking to upset a state conviction on federal grounds must first have given the state courts a fair opportunity to pass upon his federal claim." Picard v. O'Connor, 404 U.S. 270, 275 (1971). The exhaustion doctrine recognizes that state courts, no less than federal courts, are bound to safeguard the federal rights of state criminal petitioners, Daye v. Attorney Gen. of New York, 696 F.2d 186, 191 (2d Cir. 1982) (citing Irvin v. Dowd, 359 U.S. 394 [1959]), and the requirement that federal courts not exercise habeas review of a state conviction unless the state courts have had an opportunity to consider and correct any violation of federal law "expresses respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions," Daye, 696 F.2d at 191 (citing Rose v. Lundy, 455 U.S. 509 [1982]).

This principle is precisely why the District Court imposed a stay on petitioner's federal habeas proceeding on July 5, 2017: petitioner's Brady claim had not yet been considered by any state court, least of all the court that was to decide his Article 440 motion. As the District Court order largely recounts, that the court has not decided the motion since July 2017 is largely attributable to petitioner. Not

14

until May 31, 2018 – after petitioner filed his twelfth *pro se* motion, then hired an attorney, then saw the attorney withdraw the *pro se* motion so that he could file anew – did petitioner file the counseled motion that is currently before the Supreme Court (Order at 10-11). And not until March or April 2019 – after counsel sought leave to consider whether to reply to the People's response, then decided to reply, then took months to file that reply – was briefing finally complete (Order at 10-11). As a result, only a two-year period of delay can be attributed to the Article 440 court, half of that period occurring during a national pandemic.

To be sure, even if Covid-19 had not stifled most Richmond County court operations for a year, petitioner's impatience would be understandable. And a statutory exception permitting nonexhaustion where recourse to state remedies is futile, see 28 U.S.C. § 2254(b), has prompted some courts to reach the merits of habeas claims where the failure to exhaust was a result of inordinate delay, see Workman v. Tate, 957 F.2d 1339, 1344 (6th Cir. 1992) (three years). But this is no such case. As the District Court noted, "[c]ourts assessing whether to excuse a litigant from completing collateral relief in state courts typically consider the length of the delay in state proceedings, which party bears responsibility for the delay, and whether the state court appears to be making progress on petitioner's claim's among others" (Order at 10). And an analysis of those factors does not tend to petitioner's benefit.

This is in part because, in the two years that have passed since briefing was completed, the Article 440 court has been responsive to the parties' inquiries and has signaled that it is nearing the issuance of its decision. It has accepted supplemental filings from both parties (Document 27 [Letter of 1/2/19]); it expressed that it was near a decision right before Covid-19's closure of operations (Document 36 [Letter of 2/11/20]); it very recently conveyed, in a phone call, that an opinion should be expected in the next week (Document 62 [Letter of 3/31/21]). As the District Court observed, "Taking these considerations together, … a waiver of the statutory exhaustion requirements for Daum' current federal habeas action … [is] not [] warranted, though I will continue to monitor the progress of state proceedings" (Order at 11).

That determination was warranted by the relevant factors, and it is left largely unchallenged by petitioner's brief on appeal, which attempts to impose the dates of his earlier filings on the Article 440 court's timeline, even though those filings are not presently before the court (Br. at 11-12). Petitioner does, meanwhile, correctly observe that the court has signaled more than once that it was nearing a decision on the motion, only to fail to immediately issue one (Br. at 13). But in light of the fifteen post-judgment motions and the three discrete trial fact patterns that make up the factual and procedural background of petitioner's latest application, it is no surprise that the court has opted to extend its self-imposed deadlines.

16

For these reasons, petitioner has not shown that he should be excused from the state exhaustion requirement, and the District Court providently exercised its discretion in applying the relevant factors. Petitioner must exhaust his state court remedies.

CONCLUSION

The order denying the application should be affirmed.

Dated:     Smithtown, New York
           April 6, 2021

                              Respectfully submitted,

                              MICHAEL E. MCMAHON
                              DISTRICT ATTORNEY
                              RICHMOND COUNTY
                              130 Stuyvesant Place
                              Staten Island, N.Y. 10301
                              (718) 556-7146

MORRIE I. KLEINBART
ALEXANDER FUMELLI
Assistant District Attorneys
    Of Counsel

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

TERRY DAUM,

Petitioner-Appellant,

v.

STEWART ECKERT,

Respondent-Appellee.

Docket No.
**20-3354**

I hereby certify that this brief complies with Rule 32(a)(7)(B) in that I used the word processor software utilized to prepare this Brief for Respondent-Appellee (Microsoft Word) to conduct a word count and thereby calculated a total of 4,033 words, inclusive of the Table of Contents.

Dated:     Smithtown, New York
           April 6, 2021

[Signature in ECF]

ALEXANDER FUMELLI
Assistant District Attorney
Attorney of Record

18

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

CAPTION:

Terry Daum

CERTIFICATE OF SERVICE*

Docket Number: 20-3354

v.

STEWART ECKERT,

I, Rebecca Leas _____, hereby certify under penalty of perjury that
(print name)

on 4/6/2021 _____, I served a copy of Respondent's Brief
(date)

_____

(list all documents)

by (select all applicable)**

___ Personal Delivery          **X** United States Mail          ___ Federal Express or other
                                                                      Overnight Courier

___ Commercial Carrier          ___ E-Mail (on consent)

on the following parties:

| Name | Address | City | State | Zip Code |
|------|---------|------|-------|----------|
| Terry Daum, #97-A-1295 | Sullivan Correctional Facility, P.O. Box 116 | Fallsburg | NY | 12733-0116 |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

4/6/2021 _____
Today's Date

_____ Signature

Certificate of Service Form (Last Revised 12/2015)