# 20-3354-pr

## United States Court of Appeals
## for the Second Circuit

TERRY DAUM,

*Petitioner-Appellant,*

v.

STEWART T. ECKERT,

*Respondent-Appellee.*

On Appeal from the United States District Court
for the Eastern District of New York

## BRIEF FOR RESPONDENT-APPELLEE

BARBARA D. UNDERWOOD
  *Solicitor General*
ANDREW W. AMEND
  *Assistant Deputy Solicitor*
  *General for Criminal Matters*
PRISCILLA STEWARD
  *Assistant Attorney General*
    *of Counsel*

LETITIA JAMES
  *Attorney General*
  *State of New York*
Attorney for Respondent-Appellee
28 Liberty Street
New York, New York  10005
(212) 416-8737

Dated: April 6, 2021

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................III

PRELIMINARY STATEMENT ...................................................... 1

STATEMENT OF JURISDICTION ............................................... 3

ISSUE PRESENTED ...................................................................... 4

STATEMENT OF THE CASE ........................................................ 4

    A.   Petitioner's State Court Conviction .......................................... 4

    B.   Petitioner's Initial and Successive Federal Habeas
         Petitions and Related State Post-conviction Motion ............... 5

    C.   Petitioner's Emergency Motion for Release due to the
         COVID-19 Pandemic .............................................................. 6

STANDARD OF REVIEW .............................................................. 8

SUMMARY OF ARGUMENT ........................................................ 8

ARGUMENT ................................................................................. 10

   THE DISTRICT COURT PROPERLY EXERCISED ITS
   DISCRETION IN DENYING PETITIONER'S MOTION FOR
   EMERGENCY RELEASE ............................................................. 10

    A.   Petitioner Bears the Onerous Burden of Showing That
         the District Court Abused Its Discretion in Denying a
         Form of Relief Available Only in Exceptional Cases. ........... 10

    B.   The COVID-19 Outbreak Does Not Constitute
         Extraordinary Circumstances Warranting Petitioner's
         Release on Bail. ...................................................................... 11

1.   The existence of the pandemic alone does not constitute exceptional circumstances capable of supporting bail. ............................................................... 11

2.   Petitioner has not shown that he is medically vulnerable to COVID-19. ................................................. 15

3.   Petitioner cannot show that prison authorities have failed to respond effectively to the pandemic. ................. 18

CONCLUSION ....................................................................... 25

CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 32.1 AND F.R.A.P. 32(A) .......................................................... 26

ii

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Armstrong v. Guccione*,
470 F.3d 89 (2d Cir. 2006) ...................................................... 8

*Awan v. Davis*,
806 F. App'x 326 (5th Cir. 2020) ............................................ 14

*Awan v. Davis*,
No. 4:20-cv-0135-A (N.D. Tex. Mar. 27, 2020) .................................. 14

*Brady v. Maryland*,
373 U.S. 83 (1963) ............................................................ 6

*Carmen R. v. Decker*,
No. 20-3875, 2020 U.S. Dist. LEXIS 74172 (D.N.J. Apr.
28, 2020) .................................................................... 22

*Collier v. Superintendent*,
18-cv-1104, 2019 U.S. Dist. LEXIS 230164 (N.D.N.Y. Apr.
8, 2019) .................................................................... 10

*Grune v. Coughlin*,
913 F.2d 41 (2d Cir. 1990) ................................................ 3, 10

*Hilton v. Braunskill*,
481 U.S. 770 (1987) .......................................................... 8

*Houston v. Davis*,
No. 3:18-CV-03119-G, 2020 U.S. Dist. LEXIS 98853 (N.D.
Tex. June 5, 2020) .......................................................... 23

*Illarramendi v. United States*,
906 F.3d 268 (2d Cir. 2018) .................................................. 4

*Iuteri v. Nardoza*,
662 F.2d 159 (2d Cir. 1981) ................................................. 10

iii

*Jones v. Perry*,
No. 3:16-cv-02631, 2020 U.S. Dist. LEXIS 97456 (M.D.
Tex. Jun. 3, 2020)..................................................................................... 16

*Lagan v. Edge*,
No. 20-CV-2221, 2020 U.S. Dist. LEXIS 108976 (E.D.N.Y.
Jun. 19, 2020)........................................................................................... 13

*Lee v. Jabe*,
989 F.2d 869 (6th Cir. 1993)..................................................................... 8

*Mapp v. Reno*,
241 F.3d 221 (2d Cir. 2001) ............................................................... 8, 10

*Montes v. James*,
20-CV-150 (N.D.N.Y. May 20, 2020) .................................................... 12

*Morrow v. Capra*,
No. 18-CV-5765, 2020 U.S. Dist. LEXIS 106085 (E.D.N.Y.
June 17, 2020).......................................................................... 12, 16, 22

*Ostrer v. United States*,
584 F.2d 594 (2d Cir. 1978) .................................................................... 10

*People ex rel. Alcantara v. Keyser*,
No. 531721, 2021 N.Y. App. Div. LEXIS 2186 (3d Dep't
Apr. 1, 2021)............................................................................................ 21

*People ex rel. Carroll v. Keyser*,
184 A.D.3d 189 (3d Dep't 2020) ............................................................. 20

*People ex rel. Diaz v. Keyser*,
No. 532001, 2021 N.Y. App. Div. LEXIS 2183 (3d Dep't
Apr. 1, 2021)............................................................................................ 21

*People ex rel. Figueroa v. Keyser*,
No. 531784, 2021 N.Y. App. Div. LEXIS 2168 (3d Dep't
Apr. 1, 2021)............................................................................................ 21

iv

*People ex rel. James v. Keyser*,
  No. 531959, 2021 N.Y. App. Div. LEXIS 2180 (3d Dep't
  Apr. 1, 2021) .................................................................................... 21

*People ex rel. Kiernan v. Keyser*,
  No. 531858, 2021 N.Y. App. Div. LEXIS 2178 (3d Dep't
  Apr. 1, 2021) .................................................................................... 21

*People ex rel. King v. Keyser*,
  No. 531961, 2021 N.Y. App. Div. LEXIS 2194 (3d Dep't
  Apr. 1, 2021) .................................................................................... 21

*People ex rel. Macaluso v. Keyser*,
  No. 531826, 2021 N.Y. App. Div. LEXIS 2184 (3d Dep't
  Apr. 1, 2021) .................................................................................... 21

*People ex rel. Pons v. Keyser*,
  No. 532003, 2021 N.Y. App. Div. LEXIS 2166 (3d Dep't
  Apr. 1, 2021) ............................................................................... 20, 21

*People ex rel. Sanchez v. Keyser*,
  No. 531785, 2021 N.Y. App. Div. LEXIS 2181 (3d Dep't
  Apr. 1, 2021) .................................................................................... 21

*People ex rel. Simpson v. Keyser*,
  No. 531909, 2021 N.Y. App. Div. LEXIS 2162 (3d Dep't
  Apr. 1, 2021) .................................................................................... 21

*People v. Daum*,
  278 A.D.2d 505 (2d Dep't 2000) ....................................................... 4

*People v. Daum*,
  96 N.Y.2d 757 (2001) ........................................................................ 4

*Porter v. Eppinger*,
  No. 19-3443, 2020 U.S. App. LEXIS 26663 (6th Cir. Aug.
  20, 2020) .......................................................................................... 14

*Pouncy v. Palmer*,
  No. 20-1960, 2021 U.S. App. LEXIS 3013 (6th Cir. Feb. 3,
  2021) ................................................................................................ 14

*United States v. Akinrosotu*,
   637 F.3d 165 (2d Cir. 2011) ............................................................ 18

*United States v. Dade*,
   959 F.3d 1136 (9th Cir. 2020) ........................................................ 14

*United States v. Figueroa*,
   349 F. App'x 727 (3d Cir. 2009) .................................................... 19

*United States v. Hardy*,
   11-CR-629-5, 2020 U.S. Dist. LEXIS 243590 (S.D.N.Y.
   Dec. 29, 2020) ............................................................................... 18

*United States v. Hawkins*,
   16-CR-189, 2021 U.S. Dist. LEXIS 1636 (E.D.N.Y. Jan. 5,
   2021) .............................................................................................. 18

*United States v. Kerrigan*,
   No. 16 Cr. 576, 2020 U.S. Dist. LEXIS 85527 (S.D.N.Y.
   May 14, 2020) ............................................................................... 17

*United States v. Mood*,
   19-CR-113, 2020 U.S. Dist. LEXIS 104879 (S.D.N.Y. Jun.
   16, 2020) ....................................................................................... 17

*United States v. Mood*,
   19-CV-113, 2021 U.S. Dist. LEXIS 13281 (S.D.N.Y. Jan.
   25, 2021) ....................................................................................... 18

*United States v. Raia*,
   954 F.3d 594 (3d Cir. 2020) ......................................................... 13

## CONSTITUTIONS

Eighth Amendment ......................................................................... 7, 22

## FEDERAL STATUTES

28 U.S.C.
   § 1331 ............................................................................................. 3
   § 2254 .......................................................................................... 3, 5

**STATE STATUTES**

CPLR 5513 .......................................................................... 8

**RULES**

Fed. R. Civ. Proc. 60 ......................................................... 5

Fed. R. Evid. 201 ............................................................. 18

**MISCELLANEOUS AUTHORITIES**

Ctrs. for Disease Control and Prevention (CDC), *Guidance
    on Management of Coronavirus Disease 2019* (Feb. 19,
    2021), https://tinyurl.com/exjzstsu ................................. 22

Ctrs. for Disease Control and Prevention (CDC), *Older
    Adults* (Apr. 2, 2021), https://tinyurl.com/h8b9jre9 .......... 15

Ctrs. for Disease Control and Prevention (CDC), *People with
    Certain Medical Conditions* (Mar. 29, 2021),
    https://tinyurl.com/ps4m278h ................................... 15, 16

Ctrs. for Disease Control and Prevention, *Reinfection with
    COVID-19* (Oct. 27, 2020), https://tinyurl.com/44dc6vkc .......... 18

*NYS DOCCS Incarcerated Individuals COVID-19 Tests by
    Reported Facility*, https://tinyurl.com/6dav4t56 ............... 23

Official News from the Office of the Governor, *Statement
    from Acting Counsel to the Governor Beth Garvey on
    Expanded vaccine eligibility for incarcerated individuals*
    (March 29, 2021), https://tinyurl.com/24kfzxj6 ................. 24

*Regular Update*, New York Department of Corrections and
    Community Supervision, https://tinyurl.com/2vssu5sb ........ 23, 24

*What is DOCCS Doing*, New York Department of
    Corrections and Community Supervision,
    https://tinyurl.com/2vssu5sb ................................. 20

## PRELIMINARY STATEMENT

New York State prisoner Terry Daum appeals from an order of the U.S. District Court for the Eastern District of New York (Kovner, J.) that, among other things, denied his motion for release on bail pending resolution of his successive petition for a writ of habeas corpus. The district court providently exercised its discretion because Daum cannot meet the demanding standard for bail—which requires a showing of both substantial claims and extraordinary circumstances that make release necessary for habeas relief to be effective. This Court should affirm.

This brief filed by the New York State Attorney General explains why Daum cannot make the requisite showing of extraordinary circumstances based on the COVID-19 pandemic.[1] Federal courts throughout this Circuit and around the country have agreed with the district court here that the pandemic alone does not present

_____

[1] Daum also challenges the denial of his motion to lift a stay imposed below pending the outcome of a separate post-judgment motion filed in the Richmond County Supreme Court. The Richmond County District Attorney's Office, which also represents respondent in this appeal, is filing a separate brief addressing the stay issue. As to the bail issue, the District Attorney's Office will also address whether the petition presents "substantial" claims.

extraordinary circumstances capable of supporting release on bail pending habeas review. Rather, courts have recognized such circumstances to exist only where, unlike here, a prisoner (a) has medical conditions posing a risk of severe complications from COVID-19, and (b) shows that prison authorities are ill-equipped to respond to the pandemic.

The district court rightly concluded that Daum cannot make either showing. Although he recently informed this Court that he had contracted COVID-19, he does not claim that he required hospitalization or developed serious symptoms. His own experience thus belies any claim that his medical conditions place him at such great risk from COVID-19 that release is necessary for habeas relief to be effective.

Daum also cannot establish that prison authorities have failed to respond to the pandemic appropriately. Daum is incarcerated at Sullivan Correctional Facility ("Sullivan CF"), a prison operated by the New York State Department of Corrections and Community Supervision ("DOCCS"). Since the onset of the pandemic, DOCCS has implemented a broad range of emergency protocols—both system-wide and at Sullivan CF in particular—to reduce the risk of transmission of COVID-19. These

protocols are consistent with recommendations by the U.S. Centers for Disease Control and Prevention ("CDC"). DOCCS has also implemented measures to medically isolate, monitor, and treat infected inmates. Finally, DOCCS has begun vaccinating prison staff, prisoners age 65 and over, and prisoners with identified comorbidities—and DOCCS recently expanded vaccine eligibility to include all prisoners, including Daum. These facts readily defeat any notion that Daum's immediate release is necessary to preserve the effectiveness of the habeas remedy.

## STATEMENT OF JURISDICTION

Petitioner Daum appeals from the decision of the U.S. District Court for the Eastern District of New York denying his motion for bail pending resolution of his successive petition for habeas corpus relief filed under 28 U.S.C. § 2254. The district court had subject-matter jurisdiction under 28 U.S.C. § 1331. This Court has appellate jurisdiction under the collateral order doctrine to review the denial of bail because the district court's decision conclusively determined the issue presented, the issue is important and separable from the merits of the underlying litigation, and the determination would be unreviewable on appeal. *See Grune v.*

3

*Coughlin*, 913 F.2d 41, 43 (2d Cir. 1990); *accord Illarramendi v. United States*, 906 F.3d 268, 270 (2d Cir. 2018).

## ISSUE PRESENTED

Whether petitioner has failed to demonstrate that the COVID-19 pandemic presents extraordinary circumstances making his immediate release necessary to preserve the effectiveness of the writ of habeas corpus, where, among other things, there is no evidence that he is at increased risk of serious complications from COVID-19 or that state prison officials have not responded appropriately to the pandemic.

## STATEMENT OF THE CASE

### A.    Petitioner's State Court Conviction

This habeas action arises out of petitioner's 1997 conviction in Richmond County Supreme Court of four counts each of first-degree robbery and second-degree robbery, for which he was sentenced to an aggregate determinate prison term of 45 years. The Appellate Division, Second Department, affirmed the judgment of conviction and the Court of Appeals denied leave to appeal. *People v. Daum*, 278 A.D.2d 505 (2d Dep't 2000), *lv. denied*, 96 N.Y.2d 757 (2001).

4

Petitioner, now age 48, is incarcerated at Sullivan CF. His earliest release date is in 2034. (Dist. Ct. ECF No. 46, Ex. A-1.)

## B.  Petitioner's Initial and Successive Federal Habeas Petitions and Related State Post-conviction Motion

In October 2001, petitioner filed a habeas petition in the U.S. District Court for the Eastern District of New York challenging his conviction pursuant to 28 U.S.C. § 2254. That petition was denied. (*Daum v. Ricks*, No. 01-CV-6520, ECF No. 67.) This Court denied petitioner's motion for a certificate of appealability and dismissed his appeal. (*Daum v. Ricks*, No. 01-CV-6520, ECF No. 83.) In 2009 and again in 2013, the district court denied motions by petitioner under Federal Rule of Civil Procedure 60 to vacate the judgment denying habeas relief. (*Daum v. Ricks*, No. 01-CV-6520, ECF No. 87, 103.) This Court denied petitioner's motion for a certificate of appealability from the denial of his second Rule 60 motion and denied petitioner leave to file a successive habeas petition. (*Daum v. Ricks*, No. 01-CV-6520, ECF No. 105.) This Court also denied motions by petitioner for leave to file successive habeas petitions in 2011 and 2012. (*Daum v. Ricks*, 01-CV-6520, ECF No. 90, 98-99.)

5

Petitioner filed numerous motions seeking post-conviction relief in Richmond County Supreme Court. His most recent motion was filed in July 2015 and amended in May 2018; it alleged that he was denied his due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963). (Dist. Ct. ECF No. 11-1, 23, 53.) The motion has been fully submitted and the parties are awaiting decision. (Dist. Ct. ECF No. 62 (status report dated March 31, 2021 indicating that a decision is expected within the next two weeks).)

Meanwhile, in 2016, petitioner sought and obtained leave from this Court for permission to file a successive habeas petition alleging the same *Brady* violation raised in the state court. (*Daum v. Eckert*, 16-3236, ECF Nos. 16 and 27.) On July 5, 2017, the district court stayed proceedings on that successive petition while the state court considers petitioner's motion for post-conviction relief. (Dist. Ct. ECF No. 15.)

## C. Petitioner's Emergency Motion for Release due to the COVID-19 Pandemic

In May 2020, petitioner moved the district court for emergency release pending resolution of his habeas petition. (Dist. Ct. ECF No. 38.) As relevant to the issue addressed in this brief, he alleged that the

COVID-19 outbreak constituted extraordinary circumstances making his immediate release necessary to preserve the effectiveness of habeas relief. In addition, in June 2020, petitioner moved to have the district court lift the stay of the proceedings and decide his *Brady* claim before the state courts did so. (Dist. Ct. ECF No. 44.)

The district court denied petitioner's emergency request for release and his motion to lift the stay. (Dec. at 3.) With respect to petitioner's motion for release, the court concluded that he had not demonstrated extraordinary circumstances making bail necessary to effectuate the habeas remedy. Petitioner had not shown that he suffered from medical conditions that placed him at serious risk of complications or death if he contracted COVID-19. Nor had petitioner established that Sullivan CF failed to take appropriate steps to combat the spread of COVID-19 or was unable to provide adequate care for infected inmates. (Dec. at 5-9.)[2]

---

[2] The district court alternatively construed the motion for release as a new habeas petition challenging the conditions of petitioner's confinement on Eighth Amendment grounds. The court concluded that any such new petition failed for lack of exhaustion. (Dec. at 3-5.) Petitioner does not challenge that portion of the court's decision, which is beyond the scope of this appeal. In any event, petitioner has yet to exhaust any pandemic-related Eighth Amendment claim in state court.

This appeal followed.

## STANDARD OF REVIEW

The district court's initial custody determination is entitled to a presumption of correctness. *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987). This Court reviews a district court's decision to deny bail pending the outcome of a habeas petition for an abuse of discretion. *Armstrong v. Guccione*, 470 F.3d 89, 96 (2d Cir. 2006); *accord Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).

## SUMMARY OF ARGUMENT

The district court properly exercised its discretion in denying petitioner's emergency bail application because he did not meet the high standard of showing (a) that his petition presents "substantial" claims and (b) that "extraordinary circumstances" exist making the grant of bail necessary to preserve the effectiveness of habeas relief. *Mapp v. Reno*,

---

Although he brought a state habeas corpus proceeding presenting such a claim to the Sullivan County Supreme Court, that petition was dismissed on July 29, 2020. Petitioner was served a copy of the court's decision by mail on April 5, 2021, and he has until May 10, 2021 to file a notice of appeal. *See* CPLR 5513(a), (d).

241 F.3d 221, 226 (2d Cir. 2001). As numerous federal courts have recognized, a prisoner's generalized fear of COVID-19 does not establish the requisite extraordinary circumstances. Instead, a bail applicant must show that he or she faces an unusual risk of serious complications from COVID-19 due to preexisting medical conditions, and that prison authorities cannot respond to the pandemic adequately.

Neither circumstance applies here. Petitioner has not shown that he suffers from a medical condition that makes him particularly vulnerable to serious complications from the virus. Indeed, during the pendency of this appeal, he contracted COVID-19 and appears to have recovered without suffering any such complications. That alone refutes any claim that release is necessary to protect him from the virus pending review of his habeas petition.

Moreover, state prison officials have implemented a variety of measures consistent with recommendations by the CDC to protect the health of inmates like petitioner during the pandemic. More recently, DOCCS has administered vaccines to staff members and vulnerable inmates, and has expanded vaccine eligibility to include all inmates. These measures demonstrate that DOCCS has been responding to the

pandemic effectively, both at petitioner's prison and elsewhere. Petitioner thus cannot show that his release on bail is necessary to make habeas relief effective.

## ARGUMENT

### THE DISTRICT COURT PROPERLY EXERCISED ITS DISCRETION IN DENYING PETITIONER'S MOTION FOR EMERGENCY RELEASE

**A.    Petitioner Bears the Onerous Burden of Showing That the District Court Abused Its Discretion in Denying a Form of Relief Available Only in Exceptional Cases.**

Petitioner must meet a stringent standard to prevail on this appeal from the denial of bail pending federal habeas review. Although district courts have the inherent authority to grant bail in such circumstances, that power is "a limited one, to be exercised in special cases only." *Mapp*, 241 F.3d at 226. To obtain release on bail, a petitioner must show (a) that the petition presents "substantial" claims, and (b) that "extraordinary circumstances" exist making the grant of bail "necessary to make the habeas remedy effective." *Id.*; *see also Grune*, 913 F.2d at 44; *Iuteri v. Nardoza*, 662 F.2d 159, 161 (2d Cir. 1981); *Ostrer v. United States*, 584 F.2d 594, 596 n.1 (2d Cir. 1978). That standard is "a difficult one to meet." *Mapp*, 241 F.3d at 226; *accord Collier v. Superintendent*, 18-cv-1104,

10

2019 U.S. Dist. LEXIS 230164, at *7 (N.D.N.Y. Apr. 8, 2019) (bail applicant's burden is "very high").

For the reasons set forth in the Richmond County District Attorney's brief, the habeas corpus petition presents no "substantial" claims, and therefore petitioner is not entitled to release. Moreover, as explained below, petitioner has not established the existence of "extraordinary circumstances" that would make the grant of release necessary to preserve the effectiveness of habeas relief.

**B.    The COVID-19 Outbreak Does Not Constitute Extraordinary Circumstances Warranting Petitioner's Release on Bail.**

**1.    The existence of the pandemic alone does not constitute exceptional circumstances capable of supporting bail.**

Petitioner identifies the national COVID-19 pandemic as the extraordinary circumstance that makes his immediate release necessary to preserve the effectiveness of the habeas remedy. (Pet.'s Brief at 9.) However, his fear of contracting COVID-19 alone does not establish such circumstances. Rather, as the district court noted (Dec. at 6), federal courts have required petitioners seeking bail to show that they have preexisting medical conditions posing a heightened risk of serious

11

complications or death from COVID-19, and that they are housed at facilities that have failed to take adequate precautionary measures to combat the virus.

This standard accords with a broad consensus of federal courts both within this Circuit and around the country. As the court explained in *Montes v. James*, federal courts have broadly recognized that "a prisoner is not entitled to release or transfer based solely on generalized COVID-19 fears and speculation," as such "generalized allegations and conclusory statements about possible exposure to or spread of COVID-19 do not meet the criteria for extraordinary reasons." 20-CV-150 (N.D.N.Y. May 20, 2020), ECF No. 19, at 7 (quoting *Carter v. Santa Fe Adult Detention Center*, No. 1:20-CV-0271, 2020 U.S. Dist. LEXIS 57098, at *5 (D.N.M. Apr. 1, 2020) (ellipsis and brackets omitted)).

Similarly, in *Morrow v. Capra*, the court denied a state prisoner's motion for bail pending habeas review after determining that his medical conditions did not place him at high risk for serious COVID-19 complications and noting that DOCCS had "implemented extensive statewide measures to protect incarcerated individuals and staff in line with the CDC's recommendations." No. 18-CV-5765, 2020 U.S. Dist.

12

LEXIS 106085, at *6-7 (E.D.N.Y. June 17, 2020). Likewise, in *Lagan v. Edge*, the court applied *Mapp* to deny release to a federal jail inmate because he was not at "serious risk of complications or death" due to COVID-19 and the jail had undertaken "substantial efforts" to combat the virus. No. 20-CV-2221, 2020 U.S. Dist. LEXIS 108976, *12-13 (E.D.N.Y. Jun. 19, 2020). Thus, there was "no basis for concluding that releasing the petitioner into the larger community is the only way—or even the best way—to minimize the risks of COVID-19." *Id.*

Federal district and appellate courts nation-wide have adopted similar reasoning in comparable circumstances. For instance, the Third Circuit explained last year that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone" are not "extraordinary and compelling reasons" for compassionate release—especially in light of federal prison officials' "extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (citing 18 U.S.C § 3582(c)(1)(A)(i)).

Similarly, the Sixth Circuit denied a motion for bail pending appeal by a habeas petitioner who "offered no documentation to substantiate his alleged medical vulnerabilities" and provided no proof that state officials

13

had "failed to take precautions to prevent or mitigate the spread of COVID-19" at his prison. *Porter v. Eppinger*, No. 19-3443, 2020 U.S. App. LEXIS 26663, at *3 (6th Cir. Aug. 20, 2020); *see also Pouncy v. Palmer*, No. 20-1960, 2021 U.S. App. LEXIS 3013, at *3-4 (6th Cir. Feb. 3, 2021) (district court properly denied bail to habeas petitioner who was not at "significant risk for serious or life-threatening consequences" from COVID-19 and was not housed in close proximity to infected inmates). The Ninth Circuit likewise denied bail pending appeal to a habeas petitioner in federal prison, noting that while the petitioner's health risks to due to COVID-19 "might warrant a change in the conditions of his confinement (including transfer to another facility)," even that more limited relief would be appropriate only "if those risks [were] not being adequately addressed." *United States v. Dade*, 959 F.3d 1136, 1139 (9th Cir. 2020) (per curiam); *see also*, *e.g.*, *Awan v. Davis*, No. 4:20-cv-0135-A (N.D. Tex. Mar. 27, 2020), ECF No. 13, at 2 (COVID-19 public health crisis did not make grant of bail necessary to effectuate habeas remedy), *aff'd*, 806 F. App'x 326 (5th Cir. 2020) (per curiam).

The district court here thus acted consistently with the views of courts around the nation when it required petitioner to show more than

a generalized fear of COVID-19 to obtain release on bail. The court also reasonably determined that petitioner failed to show anything more.

## 2. Petitioner has not shown that he is medically vulnerable to COVID-19.

Petitioner has not established that his risk from the virus is so severe that his continued incarceration would render habeas relief ineffective. Petitioner, who is 48 years old, falls outside the highest-risk age brackets. *See* Ctrs. for Disease Control and Prevention (CDC), *Older Adults* (Apr. 2, 2021).[3] As the district court recognized (Dec. at 7), petitioner disclosed that he suffers from certain medical conditions, but none of them have been identified by the CDC as creating an increased risk of severe illness from COVID-19. *See* Ctrs. for Disease Control and Prevention (CDC), *People with Certain Medical Conditions* (Mar. 29, 2021).[4]

To be sure, two of his diagnosed conditions—hypertension and asthma—are referenced in the CDC's COVID-19 guidance. But as the

---

[3] https://tinyurl.com/h8b9jre9 (last visited April 6, 2021.)

[4] https://tinyurl.com/ps4m278h (last visited April 6, 2021.)

15

district court noted (Dec. at 7), the CDC has identified hypertension only as a condition that "might" increase the risk of severe illness.[5] Asthma similarly might increase the risk, but only in those patients with "moderate-to-severe" cases.[6] As the district court observed, petitioner's health records show that his asthma is mild. (Dec. at 7; Dist. Ct. ECF No. 46, Ex. B-2.)

On this record, the district court properly exercised its discretion in concluding that petitioner failed to establish that he is medically vulnerable to COVID-19 such that release is necessary to make the habeas remedy effective. *See*, *e.g.*, *Morrow*, 2020 U.S. Dist. LEXIS 106085, at \*5-6 (51-year-old petitioner failed to establish that his mild asthma condition put him at risk of severe illness or death from COVID); *Jones v. Perry*, No. 3:16-cv-02631, 2020 U.S. Dist. LEXIS 97456, at \*8-9 (M.D. Tex. Jun. 3, 2020) (same for 51-year-old petitioner with high blood pressure).

---

[5] The most recent CDC guidance states that hypertension could "possibly" increase the risk of such illness. CDC, *People with Certain Medical Conditions*, *supra*.

[6] CDC, *People with Certain Medical Conditions*, *supra*.

16

Furthermore, the available medical records show that petitioner has been monitored and received treatment to manage his hypertension and asthma conditions. (Dist. Ct. ECF No. 46, Ex. B.) That circumstance also weighs against granting release. *See United States v. Mood*, 19-CR-113, 2020 U.S. Dist. LEXIS 104879, at *3-4 (S.D.N.Y. Jun. 16, 2020) (denying release to 53-year-old prisoner with diabetes, hypertension and obesity where his conditions were stable and effectively managed through medication); *United States v. Kerrigan*, No. 16 Cr. 576, 2020 U.S. Dist. LEXIS 85527, at *9-10 (S.D.N.Y. May 14, 2020) (same for 43-year-old prisoner with obesity and liver disease).

Petitioner's January 28, 2020 letter to this Court disclosing that he had tested positive for COVID-19 does not require a different result. Petitioner's assertion that he had been isolated in the prison infirmary following his diagnosis demonstrates that the prison staff took appropriate steps to reduce further spread of the virus to other inmates while monitoring his health and providing any necessary medical treatment. Petitioner did not claim in his letter that he suffered any serious medical complications or was hospitalized on account of COVID-19. And, as petitioner has already had, and presumably recovered from,

17

the virus he is at low risk of reinfection. *See* Ctrs. for Disease Control and Prevention (CDC), *Reinfection with COVID-19* (Oct. 27, 2020).[7] It is, therefore, unnecessary to release him from prison based on a risk that he might contract the virus. *See United States v. Mood*, 19-CV-113, 2021 U.S. Dist. LEXIS 13281, at *1 (S.D.N.Y. Jan. 25, 2021); *United States v. Hawkins*, 16-CR-189, 2021 U.S. Dist. LEXIS 1636, at *4 (E.D.N.Y. Jan. 5, 2021); *United States v. Hardy*, 11-CR-629-5, 2020 U.S. Dist. LEXIS 243590, at *4 (S.D.N.Y. Dec. 29, 2020) (collecting cases).

### 3. Petitioner cannot show that prison authorities have failed to respond effectively to the pandemic.

Petitioner also has not shown that Sullivan CF has failed to take appropriate steps to counter the spread of the virus or to care for infected inmates. As the district court recognized (Dec. at 8), DOCCS has implemented a broad array of emergency protocols to reduce the risk of transmission of COVID-19 in prisons throughout the state, as set forth in the COVID-19 Report available on DOCCS' website.[8]

---

[7] https://tinyurl.com/44dc6vkc (last visited April 6, 2021.)

[8] Information on DOCCS' website is properly a subject of judicial notice. Fed. R. Evid. 201(b); *see United States v. Akinrosotu*, 637 F.3d 165,

As reflected in its updated report, DOCCS has implemented various measures to keep incarcerated individuals and staff safe. For example, DOCCS has reduced unnecessary movement within facilities by requiring non-essential staff to remain home and limiting prisoner intake to three days per week. Staff members entering the facility are required to answer a health and travel questionnaire. Prison visitation has been halted until April 28, 2021. Inmate transfers have resumed slowly and are conducted while maintaining social distancing on transportation vehicles, and all staff and prisoners are required to wear masks.

In addition, DOCCS has implemented measures to ensure good hygiene and display information about COVID-19 throughout its facilities. All staff members are required to wear masks while on duty, and surgical-type masks have been supplied to all inmates. Staff and inmates are provided hand sanitizer, and videos on proper handwashing are regularly shown. DOCCS also issued enhanced measures for cleaning, sanitizing, and disinfecting office surfaces and devices as well

---

168 (2d Cir. 2011) (taking judicial notice of information available through the website of the Bureau of Prisons); *United States v. Figueroa*, 349 F. App'x 727, 730 n.5 (3d Cir. 2009) (same).

as appropriate protocols on cleaning vehicles. *See What DOCCS is Doing*, New York Department of Corrections and Community Supervision.[9]

Moreover, additional measures have been taken at Sullivan CF— where petitioner is incarcerated—as noted by a state appellate court in another case. *See People ex rel. Carroll v. Keyser*, 184 A.D.3d 189 (3d Dep't 2020) (reversing grant of state habeas relief to a different Sullivan CF inmate). Specifically, in that case the court noted that Sullivan CF was "requiring inmates working in food service to wear masks," "reducing inmate population density during outdoor recreation" and "providing masks to all inmates that may be used at any time and are required during indoor recreation." *Id.* at 194-95. After the petitioner in *People ex rel. Carroll* contracted COVID-19 during the pendency of his state petition, Sullivan CF officials took further steps including isolation of that petitioner, segregation of the remaining inmates in his unit "into small groups kept apart from one another," requiring those other inmates "to wear masks outside of their cells," and monitoring of those inmates "twice a day for COVID-19 symptoms." *Id.* at 195. *See also People ex rel.*

---

[9] https://tinyurl.com/2vssu5sb (last visited on April 6, 2021.)

*Pons v. Keyser*, No. 532003, 2021 N.Y. App. Div. LEXIS 2166, at \*1 n.1 (3d Dep't Apr. 1, 2021) (habeas relief denied absent any allegation that prisoner who contracted COVID-19 had not fully recovered or had not received adequate medical care).

More recently, the Appellate Division affirmed the dismissal of several additional habeas petitions filed by prisoners at Sullivan CF. *See People ex rel. Figueroa v. Keyser*, No. 531784, 2021 N.Y. App. Div. LEXIS 2168 (3d Dep't Apr. 1, 2021).[10] The court reiterated that the protocols and measures adopted by the facility, including those detailed in *Carroll*, demonstrated that prison officials did not disregard the risks posed by

───────────────

[10] *See also People ex rel. Alcantara v. Keyser*, No. 531721, 2021 N.Y. App. Div. LEXIS 2186 (3d Dep't Apr. 1, 2021); *People ex rel. Sanchez v. Keyser*, No. 531785, 2021 N.Y. App. Div. LEXIS 2181 (3d Dep't Apr. 1, 2021); *People ex rel. Macaluso v. Keyser*, No. 531826, 2021 N.Y. App. Div. LEXIS 2184 (3d Dep't Apr. 1, 2021); *People ex rel. Kiernan v. Keyser*, No. 531858, 2021 N.Y. App. Div. LEXIS 2178 (3d Dep't Apr. 1, 2021); *People ex rel. Simpson v. Keyser*, No. 531909, 2021 N.Y. App. Div. LEXIS 2162 (3d Dep't Apr. 1, 2021); *People ex rel. James v. Keyser*, No. 531959, 2021 N.Y. App. Div. LEXIS 2180 (3d Dep't Apr. 1, 2021); *People ex rel. King v. Keyser*, No. 531961, 2021 N.Y. App. Div. LEXIS 2194 (3d Dep't Apr. 1, 2021); *People ex rel. Diaz v. Keyser*, No. 532001, 2021 N.Y. App. Div. LEXIS 2183 (3d Dep't Apr. 1, 2021); *Pons*, 2021 N.Y. App. Div. LEXIS 2166.

COVID-19. Accordingly, the prisoners failed to establish a violation of their Eighth Amendment rights.

The measures DOCCS is taking statewide, and the additional steps taken specifically at Sullivan CF, all are in line with the CDC's recommendations for correctional facilities in the United States. As those guidelines recognize, correctional facilities can prevent the spread of COVID-19 by "reinforcing hygiene practices; intensifying cleaning and disinfection of the facility; regular symptom screening for new intakes, visitors, and staff; continued communication with incarcerated/detained persons and staff; social distancing measures; as well as testing symptomatic and asymptomatic individuals in correctional and detention facilities." Ctrs. for Disease Control and Prevention (CDC), *Guidance on Management of Coronavirus Disease 2019* (Feb. 19, 2021).[11]

DOCCS is taking aggressive steps on all of these fronts. Courts have repeatedly recognized such measures weigh heavily against inmate claims for release. *See*, *e.g.*, *Morrow*, 2020 U.S. Dist. LEXIS 106085, at *6-7; *Carmen R. v. Decker*, No. 20-3875, 2020 U.S. Dist. LEXIS 74172, at

---

[11] https://tinyurl.com/exjzstsu (last visited on April 6, 2021.)

*9-14, 31-32 (D.N.J. Apr. 28, 2020) (finding no exceptional circumstances in part because the facility had enacted measures to combat the spread of COVID-19 amongst detainees and staff); *Houston v. Davis*, No. 3:18-CV-03119-G, 2020 U.S. Dist. LEXIS 98853, at *4 n.5 (N.D. Tex. June 5, 2020) (finding no exceptional circumstances where the petitioner did not allege, *inter alia*, that the facility failed to take reasonable measures to prevent the spread of COVID-19). And, as the district court observed (Dec. at 8), the available evidence shows that no inmate at Sullivan CF has died as a result of COVID-19.[12]

Finally, this Court should also take into account the recent availability of vaccines against the virus for both inmates and corrections staff. On February 5, 2021, DOCCS began administering vaccines to corrections staff, inmates 65 years of age and older, and inmates with identified comorbidities. On March 30, 2021, vaccine eligibility expanded to all inmates. *Regular Update*, New York Department of Corrections and

---

[12] *NYS DOCCS Incarcerated Individuals COVID-19 Tests by Reported Facility*, https://tinyurl.com/6dav4t56 (last visited on April 6, 2021.)

Community Supervision;[13] Official News from the Office of the Governor, *Statement from Acting Counsel to the Governor Beth Garvey on expanded vaccine eligibility for incarcerated individuals* (March 29, 2021).[14] These developments further belie petitioner's claim that DOCCS has failed to take necessary measures to combat the virus.

In sum, petitioner has failed to demonstrate that extraordinary circumstances require his release to ensure that habeas corpus will be an effective remedy. The district court's decision to deny his motion for emergency release on bail was a proper exercise of its discretion, and that decision should be affirmed.

---

[13] https://tinyurl.com/2vssu5sb (last visited on April 6, 2021.)

[14] https://tinyurl.com/24kfzxj6 (last visited on April 6, 2021.)

24

## CONCLUSION

For the reasons set forth above, this Court should affirm the order of the district court denying the motion for emergency release on bail.

Dated:  New York, New York
       April 6, 2021

                           Respectfully submitted,

                           LETITIA JAMES
                            *Attorney General*
                            *State of New York*
                           Attorney for

                 By:   */s/Priscilla Steward*
                       PRISCILLA STEWARD
                       Assistant Attorney General
                       28 Liberty Street
BARBARA D. UNDERWOOD     New York, NY 10005
  *Solicitor General*          (212) 416-8737
ANDREW AMEND
  *Assistant Deputy Solicitor*
*General for Criminal Matters*
PRISCILLA STEWARD
  *Assistant Attorney General*
      *of Counsel*

25

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

TERRY DAUM,

         *Petitioner-Appellant,*

        v.

STEWART ECKERT,

        *Respondent-Appellee.*

20-3354-pr

**CERTIFICATION OF
COMPLIANCE WITH
LOCAL RULE 32.1 AND
F.R.A.P. 32(A)**

 

1.    This brief complies with the type-volume limitation of Local Rule 32.1(a)(4)(A) because, according to the word count function of the word processing program used to prepare the accompanying brief, this brief contains 4605 words, excluding the cover, table of contents, table of authorities, and signature block.

2.    This type complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirement of Fed. R. App. P. 32(a)(6) because this brief has been prepared using Century Schoolbook in 14 Point.

Dated: April 6, 2021

      *s/ Priscilla Steward*
      PRISCILLA STEWARD
      Assistant Attorney General
      *Counsel for Respondent-Appellee*
      Office of the Attorney General
      28 Liberty Street, 14th Floor
      New York, NY 10005
      Priscilla.Steward@ag.ny.gov
      (212) 416-8737

26

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

TERRY DAUM,

    *Petitioner-Appellant*,

     v.

STEWART ECKERT,

    *Respondent-Appellee.*

20-3354-pr

**DECLARATION  OF
SERVICE**

  PRISCILLA STEWARD, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows: that on April 6, 2021, she served petitioner-appellant with a copy of respondent-appellee's brief and the unreported cases cited therein by having them mailed to him via the United States Postal Service at the following address:

    Terry Daum
    97-A-1295
    Sullivan Correctional Facility
    325 Riverside Drive
    P.O. Box 116
    Fallsburg, NY 12733-0116

      /s/ Priscilla Steward
      PRISCILLA STEWARD
      Assistant Attorney General
      28 Liberty St., 14th Floor
      New York, NY 10005

Executed on April 6, 2021